**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| BROADCAST MUSIC, INC., as agent for Broadcast Music, LLC; T/Q MUSIC INC. d/b/a TRIO MUSIC COMPANY; FORT KNOX MUSIC, INC; EMBASSY MUSIC CORPORATION; SONY/ATV SONGS LLC; RICE AND BEANS MUSIC, | CIVIL ACTION NO.: |
| Plaintiffs, | |
| v. | |
| MS GRILL, INC. d/b/a THE CLARKS LODGE 18305 Clear Smoke Road Boyds, Maryland 20841 And | |
| SANJEEV GUPTA 402 Rock Lodge Road Gaithersburg, MD 20877 And | |
| NAVNEET GILL 18305 Clear Smoke Road Boyds, MD 20841 | |
| Defendants. | |

**<u>COMPLAINT</u>**

Plaintiffs, by their undersigned attorneys, file this Complaint for copyright infringement

against Defendants, MS Grill, Inc. d/b/a The Clarks Lodge, Sanjeev Gupta, and Navneet Gill, and

allege as follows:

<u>JURISDICTION AND VENUE</u>

1.        This is an action for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2.        Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

<u>THE PARTIES</u>

3.        Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI, as agent for Broadcast Music, LLC, has been granted the right to license the public performance rights in 22.4 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4.        The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5.        Plaintiff T/Q Music Inc. is a corporation d/b/a Trio Music Company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6.        Plaintiff Fort Knox Music, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7.        Plaintiff Embassy Music Corporation is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8.      Plaintiff Sony/ATV Songs LLC is a limited liability company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9.      Plaintiff Rice and Beans Music is a sole proprietorship. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10.     Defendant MS Grill, Inc. is a corporation organized and existing under the laws of the State of Maryland with a principal office at 18305 Clear Smoke Road, Boyds, Maryland 20841, and which operates, maintains, and controls an establishment known as "The Clarks Lodge," located at 12011 Snowden Farm Parkway, Clarksburg, Maryland, in Montgomery County, Maryland (the "Establishment").

11.     In connection with the operation of the Establishment, Defendant MS Grill, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

12.     Defendant MS Grill, Inc. has a direct financial interest in the Establishment.

13.     Defendant Sanjeev Gupta is an individual and an owner or operator of Defendant MS Grill, Inc. with responsibility for the operation and management of that corporation, partnership and the Establishment, and who resides in and/or routinely carries on a vocation in Montgomery County, Maryland.

14.     Defendants Sanjeev Gupta has the right and ability to supervise the activities of Defendant MS Grill, Inc. and has a direct financial interest in that corporation and the Establishment.

15.    Defendant Navneet Gill is an owner or operator of Defendant MS Grill, Inc. with responsibility for the operation and management of that corporation and the Establishment, and who resides in and/or routinely carries on a vocation in Montgomery County, Maryland.

16.    Defendant Navneet Gill has the right and ability to supervise the activities of Defendant MS Grill, Inc. and a direct financial interest in that corporation and the Establishment.

17.    Since December 2024, BMI has reached out to Defendants over fifty (50) times, by phone, mail, and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

18.    Plaintiffs allege four (4) claims of willful copyright infringement based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

19.    Annexed to this Complaint as "Exhibit 1," and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants (the "Schedule"). The Schedule contains information on the four (4) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying

4

the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

20. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

21. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

22. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

23. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

24. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable

damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray as follows:

A.    Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

B.    Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. § 504(c);

C.    Defendants be ordered to pay costs, including attorney's fees, pursuant to 17 U.S.C. § 505; and

D.    For such other and further relief as is just and equitable.

Dated: May 11, 2026

_____/s/ *Marie J. Ignozzi*_____
Marie J. Ignozzi (Bar # 29762)
Luanne Mottley (Bar # 32058)
RKW, LLC
10075 Red Run Blvd., 4th Floor
Owings Mills, MD  21117
mignozzi@rkwlawgroup.com
lmottley@rkwlawgroup.com
(443) 379-8992
*Attorneys for Plaintiff*

6